UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NAOMI ODELL                    JURY TRIAL DEMANDED

v.                                     CASE NO.  3:13 CV

ROBERT C. LUBUS , JR.

## COMPLAINT

1. This is an action for damages, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331.

3. The FDCPA was enacted because "Existing laws and procedures for redressing [consumer] injuries are inadequate to protect consumers." § 1692(b).

4. The FDCPA preempts state laws that are less protective of consumers. §1692n.

5. Attorneys were included within the FDCPA when Congress found that "[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA].  There is no indication that this is about to change.  Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act." H.R. Rep. No. 405 at 7, reprinted in 1986 U.S.C.C.A.N. at 1757. See also Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.

6. Plaintiff is an individual who resides in Connecticut.

7. Defendant regularly engages in the practice of consumer debt collection.

8. In and after 2007, defendant was aware that plaintiff had multiple sclerosis and was unable to work.

9. In 2007, Defendant sued plaintiff on behalf of plaintiff's personal creditor, and later obtained judgment thereon in state court (the State Court judgment).

10. Plaintiff was represented by counsel in the state court lawsuit.

11. Defendant was aware that plaintiff was also represented by separate counsel in connection with a state court counterclaim filed to enforce the State Court judgment in which the judgment creditor was no longer represented by this defendant.

12. In June 2012, plaintiff requested defendant to refund her social security disability funds which defendant had received to apply to the State Court judgment.

13. By letter dated August 8, 2012, defendant refused to return the funds.

14. Defendant intentionally communicated with plaintiff directly in December, 2012, purportedly in connection with the State Court judgment, although he identified the location of the court as Meriden instead of New Haven.

15. Defendant falsely claimed that plaintiff owed $5,011.96 on the judgment, which was more than her balance because he included a $75 wage execution fee for a wage execution against a co-defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against the defendant for actual and statutory damages, pursuant to 15 U.S.C. § 1692.

(b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(f) That the Court grant such other and further relief as may be just and proper including treble damages pursuant to Conn. Gen. Stat. 52–564

THE PLAINTIFF

*Joanne S. Faulkner*

BY  **/s/ Joanne S. Faulkner**
    Joanne S. Faulkner ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    faulknerlawoffice@snet.net